478 P.2d 292

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James B. POLSON, Defendant-Appellant.**

**No. 10558.**

Supreme Court of Idaho.

Dec. 4, 1970.

Rehearing Denied Jan. 7, 1971.

Derr, Derr & Walters, Boise, for defendant-appellant.

Robert M. Robson, Atty. Gen., Martin R. Ward, Asst. Atty. Gen., Boise, Seward French, Pros. Atty., Idaho Falls, for plaintiff-respondent.

SHEPARD, Justice.

Defendant-appellant Polson was charged and convicted of the crime of assault with intent to commit murder and of being a persistent violator of the law. The judgment of conviction was appealed to this Court, which affirmed the conviction of assault with intent to commit murder, but reversed the conviction of being a persistent violator of the law. The cause was remanded to the trial court for a new trial upon that charge alone. State v. Polson, 92 Idaho 615, 448 P.2d 229 (1969). Upon remand, a jury trial was held on the persistent violator charge and the defendant was convicted by jury verdict. Following such conviction this appeal was taken.

■ Appellant assigns error to the procedure of the trial court in holding a new trial on the recidivism question alone rather than trying the recidivism question before the same jury that heard the trial resulting in the conviction of assault with intent to commit murder. The record reveals that no objection was made to the impaneling of the jury on such ground. It is further obvious that upon the remand of this case from the previous appeal, the District Court had no alternative but to hold a separate trial on the recidivism question. Appellant argues that State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963) and the doctrine established therein was violated by the procedure at the trial court upon remand. *Johnson* only held that error had been committed in placing before the jury the fact of the recidivism charge and prior convictions during the trial of the third felony charge. The Court's reasoning in that case was that the defendant should be insulated from the prejudicial effect of exposing a jury to a defendant's past criminal record prior to their determination of his guilt or innocence upon the third felony charge. In the procedure in the case at bar the defendant was assured just such insulation.

■ Appellant next assigns error in the alleged failure of the trial court to require the state to prove beyond a reasonable doubt a third conviction of a felony and rather, that the court instructed the jury concerning the third felony conviction. We find no merit in appellant's contention, since the trial court could take judicial notice of its records showing the judgment of conviction.

■ Appellant assigns as error the admission of certain evidence. He contends that certain exhibits contained erasures and

changes. Such documents were judicial records offered by the state to prove Polson's prior convictions. Said exhibits were identified and certified to by the clerk of the court who was on the stand at the time the exhibits were tendered for admission. Where a public record is produced by an officer, who by law is entrusted with the custody of such record, the party offering it in evidence is not required to explain mutilations, alterations or deletions appearing on the document. Crossen v. Oliver, 37 Or. 514, 61 P. 885 (1900). Here an opportunity existed to cross-examine the persons tendering said document regarding the erasures and changes appearing thereon. Further, appellant has shown no prejudice therein. Appellant further contends that the judicial record offered to prove another prior conviction was improperly admitted in evidence, since the certification thereon was made by a former clerk of the District Court for Twin Falls County who was not in office at the time the document was offered in evidence. The admissibility of such a document in evidence is not disturbed by lapse of time or by the passing out of office of the certifying officer and the appointment of a new custodian. State v. Dawe, 31 Idaho 796, 177 P. 393 (1918).

■ Appellant assigns error in the admission into evidence of certain fingerprint cards, one of which was identified by an Idaho Falls police officer as a part of the permanent records of the Idaho Falls Police Department which it was his duty to keep and maintain in his custody. Other fingerprint cards were certified as being from the records administrator of the Idaho State Penitentiary. The exhibit, itself, reveals the official position of the records administrator and that he has legal custody of the Idaho State Penitentiary records. A proper foundation was thus laid for the admission of said exhibits and there was compliance with this Court's holding in State v. Polson, *supra*. I.C. § 9–315.

■ Appellant lastly contends that the recidivist statute presently in force in Idaho violates constitutional standards against double jeopardy, ex post facto laws, cruel and unusual punishment and does not square with the requirements of due process, equal protection and privileges and immunities. Many cases of the United States Supreme Court have been decided upon these points, but discussion of two late cases will show the temper and the reasoning of that Court.

In Gryger v. Burke, Warden, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Court had for consideration a Pennsylvania recidivist statute similar to the statute in the case at bar. The Court said:

"The sentence as a * * * habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

Previous cases were cited as supporting that conclusion and each did in fact so hold. The Court also rejected the defendant's contention that the law was being retroactively applied and therefore offended constitutional standards against ex post facto laws.

In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the Court had for consideration the validity of the Texas recidivist statute. The Court stated:

"Such statutes [recidivist] and other enhanced-sentence laws, and procedures designed to implement their underlying policies, have been enacted in all the States, and by the federal government as well. * * * Such statutes, though not in the precise procedural circumstances here involved, have been sustained in this Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities."

The judgment of the trial court is affirmed.

The record reveals that on August 29, 1969, a judgment and commitment to the penitentiary was entered by the Honorable Henry S. Martin as District Judge, wherein it is recited that the defendant, James B. Polson, is guilty of the crime of assault with a deadly weapon with intent to murder, adjudged that the said defendant be imprisoned in the Idaho State Penitentiary for a period of 14 years, and that the said defendant be delivered to the Idaho State Penitentiary and there imprisoned until legally discharged.

Following the trial had upon the remand for the crime of being a persistent violator, the District Judge, the Honorable Boyd R. Thomas, stated:

"I note that the prior order of this court, which judgment was entered on July 29, 1966, at the prior trial of this matter, that the sentence which was imposed on you upon the conviction at that date, assault with intent to commit murder, was increased from a period of 14 years' imprisonment by an additional term of ten years because of the determination at that time that you were a persistent violator of the law.

"It would be my judgment, Mr. Polson, that you are a persistent violator of the law, and in execution of that judgment I would increase the punishment heretofore imposed by order of this court, upon the charge set forth on page 1 of the Information on file in this cause—I would increase that by the amount of ten years, and increase the sentence there imposed, such sentence to begin upon your arrival at the institution. In the meantime I would remand you to the custody of the Bonneville County Sheriff, to be by him held in custody until a demand is made for your release by a duly authorized officer of the state penitentiary, and I would authorize the Sheriff to deliver you to the custody of that office."

It is clear from the record that the trial court upon remand for the crime of a persistent violator inadvertently failed to enter a judgment and commitment to the penitentiary to effectively carry out the sentence of conviction of the court which clearly intends that the defendant, appellant herein shall be sentenced to a term of 24 years in the Idaho State Penitentiary. For the sole purpose of correcting the record to reflect the trial court's intention in imposing sentence, the cause is remanded.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.