UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary Lee MACK, Defendant-Appellant.

No. 73-1827.

United States Court of Appeals,
Ninth Circuit.

March 29, 1974.

Gary S. Goodpaster (argued), Robert W. Ripley, Jr., Federal Defenders, San Diego, Inc., San Diego, Cal., for defendant-appellant.

Jeffrey F. Arbetman, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and LYDICK,* District Judge.

## OPINION

KOELSCH, Circuit Judge:

Defendant Mack appeals from the denial of his motion, pursuant to Rule 35, Fed.R.Crim.P., to correct sentence.

The relevant facts are these: In March, 1972, defendant was indicted for conspiracy to possess with intent to distribute (Count 1) and possessing with intent to distribute (Count 2) amphetamine sulphate tablets in violation of 21 U.S.C. §§ 846 and 841(a)(1). On May 16, 1972, he was arraigned for plea and entered a plea of guilty to the second count, after due compliance by the court with the requirements of Rule 11, Fed. R.Crim.P., including advice that if imprisonment was imposed, "the court can and will impose upon you a special two-year parole term. . . ." [1]

On June 21, 1972, defendant was arraigned for sentence. The court, after affording both defendant and his attorney an opportunity to speak, sentenced defendant to "imprisonment for a term of three years," but did not impose the parole term. Later the same morning,

---

*The Honorable Lawrence T. Lydick, United States District Judge for the Southern District of California, sitting by designation.

1. 21 U.S.C. § 841(b)(1)(B) mandates the imposition of a "special parole term" (see 841(c)) in addition to any term of imprisonment imposed for violation of 841(a)(1).

after defendant and his attorney had left the courtroom, the Assistant United States Attorney inquired whether the court would impose the parole term required by the .statute. The court responded:

"There should have been a special term of parole imposed on Mr. Mack. Yes, I will impose such a special term of parole and notify him of the fact that I have done so."

The court then directed a probation officer to "go to Mr. Mack now and inform him of the fact that I have imposed upon him a special two-year parole term?" The written judgment of conviction, signed by the district judge and dated June 21, 1972, fixes the defendant's imprisonment at three years and, in addition, imposes the special parole term.

On April 12, 1973, defendant moved, under Rule 35, for an order vacating and correcting the judgment to provide a one-year imprisonment and the two year parole term, thereby "carving" the latter out of the prison term imposed in his presence.

On April 23, 1973, the motion was heard with the defendant present. The district judge, rejecting defendant's contention, declared that he considered the sentence in the written judgment to be the "final pronouncement of sentence," and that it conformed to the one which he had intended to impose orally in defendant's presence.

The minutes of the hearing recite that the Rule 35 motion was denied. But the transcript does not bear this out. What the transcript does show is that the district judge, without granting the motion or vacating the prior sentence, thereupon "repronounce(d) the sentence"— three years' imprisonment and a two-year special parole term.

*In limine* we are confronted with the government's objection that the motion was untimely.

Rule 35 provides:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce sentence within 120 days after the sentence is imposed, or within 120 days after receipt . . . [of a] dismissal of appeal . . ."

In the government's view, based upon its interpretation of Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), the formalized judgment and sentence are not illegal but simply are imposed in an illegal manner because the portion of its specifying the mandatory parole term was imposed in defendant's absence, contrary to the provision of Rule 43.[1a] Pointing out that timely filing of a Rule 35 motion to correct sentence "illegally imposed" is jurisdictional (United States v. Robinson, 457 F.2d 1319 (3d Cir. 1972), United States v. Marchese, 341 F.2d 782, 788 (9th Cir. 1965), cert. denied, 382 U. S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64), the government argues that the dismissal must be sustained.

The defendant, on the other hand, argues that the three-year sentence imposed in his presence on June 21, 1972, was itself an "illegal" sentence and that the subsequent addition of the parole term in his absence cannot serve to remove the illegality. Thus defendant contends that the maximum to which he could have been resentenced was one year imprisonment and two years special parole, and that therefore the sentence "re-pronounced" on April 23, 1973, violated the Double Jeopardy Clause.

We conclude that defendant's double jeopardy claim is properly raised by his

---

1a. Rule 43, Fed.R.Crim.P.:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. . . . "

Rule 35 motion regardless of which characterization—the defendant's or the government's—we give the sentence. If defendant is correct in his contention that the sentence "re-pronounced" on April 23, 1973, constituted double jeopardy, then it is equally apparent that the addition of the special parole term after he had commenced serving his sentence and the entry of the increased sentence in the written judgment of June 21, 1972, is illegal for the same reason.[2]

■ The proposition is well settled that a sentence which violates the Double Jeopardy Clause is an illegal sentence which can be challenged at any time. Hill v. United States, *supra*, 368 U.S. at 430, 82 S.Ct. 468. Thus, even if, as the government contends, the Rule 35 motion were not timely to challenge the violation of defendant's Rule 43 right to be present at sentencing, it would nevertheless be timely to challenge illegality of the sentence on constitutional grounds.

To determine whether the district court had jurisdiction to hear the motion, we must determine whether the increase embodied in the written judgment violated the Double Jeopardy Clause. We therefore turn to defendant's constitutional contention.

■ Defendant concedes, as he must, that a sentence is illegal which omits a term required to be imposed by statute and that in some instances the later imposition of a more severe legal sentence provided by statute does not constitute double jeopardy. United States v. Bozza, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); Orrie v. United States, 302 F.2d 695 (8th Cir. 1962); Mathes v. United States, 254 F.2d 938 (9th Cir. 1958).

2. In fact, the June 21, 1972, sentence was the basis for defendant's motion to the district court. Although the parties now argue the effect of the April 23 resentencing, we consider the earlier sentence the proper basis for defendant's constitutional claim, because, as indicated below, we consider the April 23 sentence a nullity (*see* n. 4, *infra*).

However, defendant urges this is not such an instance. He argues that the illegal sentences initially imposed in *Bozza, Orrie,* and *Mathes* were less than the statutorily mandated minimum, so that the defendants could not be sentenced to a legal sentence without an increase in the aggregated punishment, whereas in his case the illegal sentence can be transformed into a legal one by carving the special parole term out of the term of imprisonment without increasing the total number of years to be served.

■■ We do not find *Bozza* so distinguishable. The Court there stated:

"The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D. C. 10, 15, 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, *supra*, 151 U.S. 242, at 260, 14 S.Ct. 323, 38 L. Ed. 149. It did not twice put petitioner in jeopardy for the same offense.[2] The sentence, as corrected,

"2. . . . But here the petitioner had not suffered any lawful punishment until the court had announced the full mandatory sentence of imprisonment and fine."

imposes a valid punishment for an offense instead of an invalid punishment for that offense." 330 U.S. at 166–167, 67 S.Ct. at 649.

Applying the *Bozza* rationale to this case, we conclude that the defendant did not receive a legal sentence until the district court corrected the inadvertent omission of the special parole term,[3] thereby "imposing a valid punishment

3. We reject defendant's contention that the special parole term should be carved out of the term of imprisonment. 21 U.S.C. § 841(c) states:
"A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided by law."

for an offense instead of an invalid punishment for that offense." United States v. Thomas, 356 F.Supp. 173 (E. D.N.Y.1972), aff'd without opinion, 474 F.2d 1336 (2d Cir. 1973). The sentence embodied in the written judgment does not violate the Double Jeopardy Clause, and may not on that ground be attacked by a Rule 35 motion.

However, this question remains: Does the imposition of the parole term in defendant's absence so taint the 1972 sentence as to constitute the whole of it illegal and to insulate defendant's motion from the 120-day limitation of Rule 35? We think the answer is "yes." [4] However, in so ruling, we emphasize that we need not and do not decide whether a sentence imposed *in toto* in the absence of a defendant is "illegal" or merely one imposed in an illegal manner.[5] In other words, we decide that under the peculiar circumstances of this case, the defendant's sentence may not be transformed into one imposed in an "illegal manner" by the subsequent addition in his absence of the parole term. The contrary ruling, we think, would likely unfairly prejudice a defendant who, having ostensibly been given a full sentence in open court, is not on notice of a subsequent increment.[6]

The judgment is reversed, and the cause is remanded to the district court with directions to grant defendant's motion to vacate the illegal sentence and reimpose sentence upon defendant consistent with this opinion.[7]

---

We agree with the court in United States v. Thomas, 356 F.Supp. 173, 174 (E.D.N.Y. 1972):
"Thus Congress contemplated two periods of parole in every sentence, one as part of the basic sentence, and one in the form of a 'special parole term.' Treating the special parole term as a substitute for part of the original sentence of imprisonment would be contrary to the purpose shown by the statute."

4. The government contends that the "re-pronouncement" of defendant's sentence during the April 23, 1973, hearing remedies any possible procedural defects in the original sentence. We disagree. The district court denied defendant's motion for correction of sentence, thereby leaving the June 21, 1972, sentence in effect. The re-pronouncement of the sentence was a nullity. Having failed to vacate the prior sentence, the court on April 23 could not possibly afford defendant his right to be present at the actual imposition of the special parole term. We consider the procedural safeguards afforded defendant at the April 23, 1973, hearing *pro forma* only, and therefore inadequate to re-

place the real substance of those safeguards lost when a portion of the sentence he is actually serving was entered in his absence on June 21, 1972.

5. The issue is unclear and has not been decided since the 1966 amendment of Rule 35, which first distinguished the two types of sentences for which relief could be provided. *See* Wright, Federal Practice and Procedure: Criminal § 585, at 567. Cases prior to *Hill* had considered such sentences "illegal." Cook v. United States, 171 F.2d 567 (1st Cir. 1948).

6. While the court sent someone to inform defendant of the increase in his sentence, and defendant has not contended that he was not then informed, nevertheless it does not appear on the face of the record on appeal that defendant learned of the increase in his sentence within 120 days after entry of judgment.

7. Defendant may not be resentenced to a prison term of more than three years. Walsh v. United States, 374 F.2d 421 (9th Cir. 1967).