UNITED STATES of America, Plaintiff,

v.

Gail G. L. LI, M.D., Defendant.

UNITED STATES of America, Plaintiff,

v.

Gail G. L. LI, M.D., Defendant.

Crim. Nos. 80–1213, 81–0327.

United States District Court,
D. Hawaii.

April 2, 1981.

Elliot Enoki, Asst. U. S. Atty., Wallace W. Weatherwax, U. S. Atty., Honolulu, Hawaii, for plaintiff.

David C. Schutter, Judith Ann Pavey, Honolulu, Hawaii, for defendant.

## ORDER AFFIRMING MAGISTRATE

SAMUEL P. KING, Chief Judge.

On April 1, 1981, the magistrate heard and ruled orally in favor of the government on a motion by the United States for Leave to File Unsealed Sentencing Memorandum. The magistrate entered a written Order Granting Motion for Leave to File Unsealed Sentencing Memorandum on April 2, 1981. Defendant noted his appeal from the oral ruling and then from the written order.

This matter commenced with a conference (on the record) in my chambers on Friday, March 27, 1981, with counsel for defendant and an assistant U.S. attorney to discuss the filing of a sentencing memorandum by the government. The assistant U.S. attorney in charge of this case had notified defense counsel of his intention to file with the clerk a sentencing memorandum, a copy of which was provided to defense counsel. Defense counsel then requested an emergency meeting with me to ask that the government's sentencing memorandum be sealed in the same manner as if it were a part of the presentence report by the probation office. It being then close to 4:00 p. m. on a Friday afternoon and the sentencing not being until April 6, 1981, I stated that I was not prepared to give the matter much consideration and ordered the government to file its sentencing memorandum as a sealed document without prejudice to its right to move for leave to unseal the document. The government chose not to file the sentencing memorandum on March 27, but instead filed its motion for leave to file an unsealed sentencing memorandum. The motion was referred automatically to the magistrate. The magistrate granted the motion. The defendant appealed.

█ The matter was properly within the jurisdiction of the magistrate. 28 U.S.C. § 636, Magistrate Rules IV A 1. The test on this appeal is whether the magistrate's ruling is clearly erroneous or contrary to law. Magistrate Rules IV A 3.

As I understand defendant's position, he argues that the government's sentencing memorandum may contain prejudicial matter that would not be admissible in evidence or that might be untrue. Neither argument has any merit.

█ The Federal Rules of Evidence do not apply to sentencing proceedings. FRE 1101(d)(3). By federal statute, 18 U.S.C. § 3577 (1976):

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

█ The Supreme Court has stated frequently that, in discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in a crime. *Williams v. Oklahoma*, 358 U.S. 576, 585, 79 S.Ct. 421, 426, 3 L.Ed.2d 516 (1959). *See also Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 387 (1949); *United States v. Grayson*, 438 U.S. 41, 48–50, 98 S.Ct. 2610, 2614–2615, 57 L.Ed.2d 582 (1978); *Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980). The defendant may object to matter which is untrue or which violates the defendant's constitutional rights. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). For the purpose of correcting the record, we have frequently held hearings at which both the defendant and the government may introduce evi-

dence, but the defendant has no right to require that information taken into consideration in fashioning a sentence be the product of formal examination and cross-examination of witnesses. *Williams v. Oklahoma, supra,* at 584, 79 S.Ct. at 426.

██ Further, Rule 32(a)(1), Federal Rules of Criminal Procedure, provides specifically that the court shall afford "the attorney for the government" an equivalent opportunity, to the opportunity afforded the defendant, "to speak to the court." This rule clearly gives the government the right to present matters in open court for the court's consideration in connection with sentencing. In my opinion, this includes presentation of the government's position by written sentencing memorandum filed openly in the cause a reasonable time before sentencing not only to allow the court to read the material presented but also to allow the defendant an opportunity to correct or explain any erroneous or misleading information or statement presented by the govern-

ment. Sentencing by ambush should be avoided even more studiously than trial by ambush.

Finally, upon reflection since the conference of last Friday, I am of the opinion that attempts to prevent the government from filing an open sentencing memorandum should be discouraged.

For all of the foregoing reasons, I am herewith affirming the magistrate's order without argument. The government's sentencing memorandum filed herein on April 2, 1981, as a sealed document shall be unsealed forthwith.

It is so ORDERED.