STATE OF HAWAII, Plaintiff-Appellant, *v.* OSCAR I. KANOA, Defendant-Appellee

NO. 9148

(CRIMINAL NO. 56168)

DECEMBER 3, 1984

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* Oscar I. Kanoa, convicted of attempted rape in the first degree in violation of Hawaii Revised Statutes (HRS) §§ 705-500 and 707-730(1)(a)(i), was sentenced to 20 years imprisonment on January 24, 1983. In addition, Kanoa's probation was revoked for an earlier firearm conviction in 1979 and a five year sentence to be served concurrently with the 20 year sentence for attempted rape was imposed. The State had argued that Kanoa should be sentenced as a repeat offender to a mandatory minimum of five years imprisonment without the possibility of parole pursuant to HRS § 706-606.5(1)(a).[1] The trial judge disagreed and imposed no

---

[1] Section 706-606.5(1)(a) reads as follows:

§ 706-606.5 *Sentencing of repeat offenders.* (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section 707-701 relating to murder, 707-710 relating to assault in the first degree, 707-720 relating to kidnapping, 707-724 relating to criminal coercion involving

mandatory minimum term of imprisonment.

The State appeals the sentence imposed by the trial judge. We affirm.

## A.

HRS § 706-606.5 requires the court to sentence a repeat offender to mandatory minimum terms of imprisonment without the possibility of parole. In construing that statute, a repeat offender is one who is convicted of one of the enumerated offenses and who had previously been convicted of any one of those offenses enumerated in that same section.[2]

In 1979, Kanoa was convicted of carrying a firearm on his person without a permit or license in violation of HRS § 134-9. Section 134-9 is one of the offenses enumerated in subsection (2) of HRS § 706-606.5. Thus, if first degree attempted rape is also an enumerated offense within HRS § 706-606.5, the trial court would have had to impose a mandatory minimum term of imprisonment.

The trial court held that HRS § 706-606.5 is a penal statute, and therefore, the court was constrained to strictly construe the statute in favor of the defendant. While the trial court was correct in recognizing that penal statutes are construed strictly, this rule may not be applied to defeat the legislative intent. *State v. Ogata,* 58 Haw. 514, 517-18, 572 P.2d 1222 (1977); *State v. Murray,* 63 Haw. 12, 18, 621 P.2d 334 (1980).

---

dangerous weapons, 707-730 relating to rape in the first degree, 707-733 relating to sodomy in the first degree, 707-768 relating to extortion involving dangerous weapons, 708-810 relating to burglary in the first degree, 708-840 relating to robbery in the first degree, 712-1241 relating to the promoting of a dangerous drug in the first degree, 712-1242 relating to the promoting of a dangerous drug in the second degree, or 712-1244 relating to the promoting of a harmful drug in the first degree, who has a prior conviction for any of the above enumerated offenses or of any one of those enumerated in subsection (2) in this or another jurisdiction, within the time of the maximum sentence of the prior conviction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

    (a) Second conviction — 5 years[.]

[2] *See* note 1, *supra.*

The State argues that first degree attempted rape is an enumerated offense because the words "707-730 relating to rape in the first degree" of subsection (1) encompasses the crime of attempted rape in the first degree. The State contends "that by using the words 'relating to', the Legislature extended the application of the section to related crimes which touch upon those enumerated." (Opening Brief at 12.)

Our reading of the legislative history of HRS § 706-606.5 does not support the State's contention that attempted rape was intended to be encompassed within the language of the statute.

## B.

Prior to 1979, a person previously convicted for certain felonies enumerated in HRS § 706-606.5 was given a mandatory minimum sentence of imprisonment for a second conviction of the same felony. If convicted of a different felony, he was not considered a repeat offender. The Legislature eliminated that "incongruous situation" by enacting Senate Bill No. 182 in 1979. Hse. Stand. Comm. Rep. No. 978, reprinted in 1979 House Journal, at 1628. Originally, that bill defined "repeat offender" as any person convicted more than once for any class A or B felony. But that language was deemed to be "overly broad," Sen. Stand. Comm. Rep. No. 603, reprinted in 1979 Senate Journal, at 1253, and the bill was amended to list offenses for which HRS § 706-606.5 would apply. *Id.;* Hse. Stand. Comm. Rep. No. 978, reprinted in 1979 House Journal, at 1628, 1629.

In 1980, the Legislature was "of the opinion that subsequent convictions for class B or C felonies involving offenses against the person other than those already addressed under present law also warranted the imposition of a minimum mandatory sentence of imprisonment . . . ." Hse. Stand. Comm. Rep. No. 534-80, reprinted in 1980 House Journal, at 1513. Again, the Legislature expressly listed the additional offenses to which HRS § 706-606.5 would apply. Act 284, 1980 Haw. Sess. Laws at 544-545; Hse. Stand. Comm. Rep. No. 534-80, reprinted in 1980 House Journal, at 1513; Hse. Conf. Comm. Rep. No. 24-80, reprinted in 1980 House Journal, at 1081; Sen. Conf. Comm. Rep. No. 25-80, reprinted in 1980 Senate Journal, at 951.

· Technical amendments were made to HRS § 706-606.5 in 1981 to correct erroneous references to HRS citations. For example, "[t]he reference to terroristic threatening in the first degree [had] been corrected to cite '707-716' instead of '707-715' . . . ." Sen. Stand. Comm. Rep. No. 448, reprinted in 1981 Senate Journal, at 1110.

This history of HRS § 706-606.5 leads us to conclude that the Legislature exercised caution and deliberation in enumerating the specific offenses to which the repeat offender statute should apply.

## C.

The State argues that in other sections of our Penal Code the Legislature has expressed a policy of treating attempts in the same manner as completed crimes and by implication the Legislature would want this policy to be extended to HRS § 706-606.5. We do not agree and deem it unwise to extend that policy of the penal code to this case based on assumptions and implications. *Fairfax's Devisee v. Hunter's Lessee,* 11 U.S. 603 (1812); *Braffith v. People of Virgin Islands,* 26 F.2d 646 (3d Cir. 1928). This court, therefore, will not impose its judgment in expanding the reach of the statute.

While it may seem logical to include convicted offenders of attempted felonious crimes within the repeat offender statute, neither the language, nor the legislative history of the statute supports such a reading of HRS § 706-606.5. It is for the Legislature and not this court to enact the words that will produce the result which the State seeks. *Bifulco v. United States,* 447 U.S. 381 (1980).

We conclude that HRS § 706-606.5 does not encompass the crime of attempted rape in the first degree.

Affirmed.

*Arthur Ross, (Ann M. Ogata* with him on the briefs), Deputy Prosecuting Attorney, for plaintiff-appellant.

*Neilani Graham, (Loralyn Cramer* with her on the brief), Deputy Public Defender, for defendant-appellee.