**UNITED STATES of America, Plaintiff,**

v.

**Swede LITTLE, Defendant.**

**No. CR–86–1–H–CCL.**

United States District Court,
D. Montana,
Helena Division.

July 25, 1986.

548 F.Supp. 1130, 1132–34 (E.D.Pa.1982), and cases cited therein.

George F. Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for plaintiff.

Swede Little, Canyon Creek, Mont., pro se.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant Swede Little was charged with cutting firewood and removing it from National Forest lands without a permit, in violation of 36 C.F.R. §§ 261.6(a) and (h). He was tried before United States Magistrate Ann L. Smoyer on October 16, 1985, and found guilty of that petty offense.[1] On December 23, 1985, the magistrate sentenced Little to eight hours of community service and imposed the $25 special assessment required by 18 U.S.C. § 3013(a)(1)(A). This case is before the Court on defendant's appeal from the judgment of the magistrate.

## STANDARD OF REVIEW

A post-conviction review of the magistrate's judgment is governed by the same standards as an appeal from a judgment of a district court to the court of appeals. On appeal from the magistrate's judgment, the defendant is not entitled to a trial de novo in the district court. 18 U.S.C. § 3402; Rule 7(e), Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates. Thus, the challenged judgment is reversible only if it is clearly erroneous or contrary to law. *See, e.g., United States v. Ramirez,* 555 F.Supp. 736, 738–39 (E.D.Cal.1983); *United States v. Li,* 510 F.Supp. 276, 277 (D.Haw.1981); *United States v. Brown,* 431 F.Supp. 56, 58 (D.Minn.1976), *aff'd.,* 552 F.2d 817, *cert. denied,* 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266; *United States v. Channel,* 423 F.Supp. 1017, 1018 (D.Md.1976).

## DISCUSSION

The uncontroverted evidence adduced at trial establishes that on May 13, 1985 defendant cut and removed firewood from the Helena National Forest, more specifically from an area known as the Deadman's Timber Sale area. Defendant did not possess the required permit for such activity.

Little conceded these facts at trial. In defense of his actions, he equated his "gleaning of firewood" with the exercise of his first amendment freedom of religion. As he did at trial, Little now argues that the Forest Service permit and fee system is unconstitutional under the first and fourteenth amendments. The following ex-

---

**1.** 16 U.S.C. § 551 provides that a violation of Forest Service regulations may be punished by imprisonment for not more than six months or a fine of not more than $500, or both. *See also* 36 C.F.R. § 261.1b.

cerpt from Little's trial testimony is indicative of his argument before this Court:

"The people were to be impressed with the fact that it was God's land, which they were permitted to possess for a time. That He was the rightful owner, and that He would give special consideration for the poor and the unfortunate.... The permits and fees required by the U.S. Forest Service are a violation of our God-given rights guaranteed by the U.S. Constitution. This injustice only acts as a barrier to the very people who are most dependent on a wood fuel for winter comfort to themselves and their loved ones.

"In all scriptural references pertaining to the gathering and using of firewood, God never implies that a king, ruler or any individual has ownership over it. Nowhere does the Bible require that a man must ask permission, or pay a fee to someone, for a considered God-given right and a natural act.

"In conclusion, the land and everything living on it, belongs to God. Every person on this earth has the God-given right to a portion of it. Gleaning is a natural act. An act of love, sharing and benevolence. It is not an act of trespass or theft."

Upon review of the record, I do not doubt defendant's religious beliefs. These beliefs, however, do not afford him a defense to his conviction for violating Forest Service regulations.

The regulations at issue were promulgated pursuant to 16 U.S.C. § 551. Section 551 authorizes the Secretary of Agriculture to make such rules and regulations as will ensure the protection of the national forests. Congressional delegation of authority to the Secretary of Agriculture to enact such regulations falls within constitutional limits. *See McMichael v. United States,* 355 F.2d 283 (9th Cir.1965); *United States v. Weiss,* 642 F.2d 296 (9th Cir.1981). *Accord, United States v. Hymans,* 463 F.2d 615 (10th Cir.1972).

■ With respect to Little's first amendment claim, I note that such amendment embraces two religious freedoms, the freedom to believe and the freedom to exercise one's religious beliefs. The freedom of belief and conscience is absolute and cannot be restricted by law. The freedom to act upon one's religious beliefs, however, remains subject to regulation for the protection of society. *See Cantwell v. Connecticut,* 310 U.S. 296, 303–04, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940).

■ For the sake of argument, the Court accepts defendant's position that his "gleaning of firewood" constituted an exercise of religious beliefs as true. Not all burdens on religion are unconstitutional. *United States v. Lee,* 455 U.S. 252, 257, 102 S.Ct. 1051, 1055, 71 L.Ed.2d 127 (1982). Infringments on the exercise of religion may be justified if necessary to accomplish an overriding governmental interest. *Lee,* 455 U.S. at 257, 102 S.Ct. at 1055. In determining whether a neutrally-based regulation violates the free exercise clause, I must weigh three factors: (1) the magnitude of the regulation's impact upon the exercise of the religious belief, (2) the existence of a compelling government interest and (3) the extent to which recognition of an exemption from the regulation would impede the objectives sought to be advanced by the government. *See EEOC v. Pacific Press Publishing Ass'n.,* 676 F.2d 1272, 1279 (9th Cir.1982).

■ The impact of the Forest Service's permit and fee system upon defendant's exercise of his religious beliefs is slight. He need only apply for a permit and pay a nominal fee to remove firewood from national forest lands. The government's interest in protecting and preserving our national forests for this and future generations is compelling. Our forest resources are finite and must be prudently managed. The recognition of any exception to the permit and fee system would strike at the very heart of the validity of the Forest Service regulations. Upon consideration of these factors, I conclude that the Forest Service regulations challenged herein do not violate the free exercise clause.

Having disposed of defendant's constitutional arguments, the Court is left with the undisputed evidence that defendant did cut and remove firewood from national forest lands without a permit. The Court cannot conclude that the magistrate's judgment is either clearly erroneous or contrary to law.

For these reasons,

IT IS ORDERED that the judgment of the magistrate in the above-entitled case is AFFIRMED.