**STATE OF HAWAII**, Plaintiff–Appellee, v. **BRIAN S. ENGCABO**, Defendant–Appellant

NO. 13585

(TRAFFIC NO. C26105)

DECEMBER 18, 1989

LUM, C.J., NAKAMURA, PADGETT, AND
WAKATSUKI, JJ., AND INTERMEDIATE
COURT OF APPEALS CHIEF JUDGE BURNS,
IN PLACE OF HAYASHI, J., RECUSED

OPINION OF THE COURT BY WAKATSUKI, J.

Brian S. Engcabo was convicted of driving under the influence of a drug in violation of Hawaii Revised Statutes (HRS) § 291–7.

The evidence adduced in a bench trial was that police officer Glen Kamanao observed Engcabo driving a pickup truck in an erratic manner. The vehicle was veering over two lanes and onto the shoulder of the roadway. Kamanao therefore activated his siren and caused Engcabo to stop. When Kamanao approached Engcabo, he noticed that Engcabo's eyes were bloodshot and the pupils constricted, although Kamanao did not detect any sign of alcohol. Engcabo's speech was slurred. Also, as Engcabo handed over his driver's license as requested, the officer noticed three distinct puncture marks with dried coagulated blood residue on the inside of Engcabo's left arm. Upon exiting his vehicle, Engcabo was unsteady on his feet and unable to walk straight.

Kamanao placed Engcabo under arrest, then proceeded to move and secure Engcabo's pickup which was parked partially on the roadway. When Kamanao entered the pickup, he noticed a syringe on the floor. The tip of the syringe needle had red residue on it that resembled blood.

Although Engcabo may have been under the influence of some kind of drug, the State presented no evidence of the specific type of drug used by Engcabo. Engcabo argued that evidence of a specific drug is necessary for a conviction, and therefore, moved for judgment of acquittal. The trial court denied the motion and convicted Engcabo.

We reverse.

The sole issue before us is whether under HRS § 291–7 the State is required to prove beyond a reasonable doubt that a defendant was under the influence of a specific type of drug, or *any* drug.

HRS § 291–7 provides:

A person commits the offense of driving under the influence of drugs if the person operates or assumes actual physical control of the operation of any vehicle while under the influence of any drug which impairs such person's ability to operate the vehicle in a careful and prudent manner. The term "drug" as used in this section shall mean any controlled substance as defined and enumerated on schedules I through IV of chapter 329.

The State contends that it need only to prove that a defendant was under the influence of *any* drug. Further, a person may be convicted under HRS § 291–7 for being under the influence of drugs not enumerated on schedules I through IV of HRS chapter 329.

A court is bound by plain and unambiguous language of a statute. Unless literal application of the language would produce an absurd or unjust result clearly inconsistent with the purposes and policies of the statute, the language of the statute must ordinarily be regarded as conclusive. *State v. Palama*, 62 Haw. 159, 612 P.2d 1168 (1980).

Another "cardinal rule of statutory construction" is "that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all the words of the statute." *Camara v. Agsalud*, 67 Haw. 212, 215–16, 685 P.2d 794, 797 (1984).

The language of HRS § 291–7 is clear and unambiguous, and a literal application does not produce an absurd or unjust result. Also, the State's position renders the second sentence of HRS § 291–7 superfluous and a nullity. However, reading the second

sentence to require the State to prove that the drug used by a defendant is a drug enumerated on the specified schedules is not absurd nor impracticable.

The trial court, in agreeing with the State's interpretation of HRS § 291–7, relied on legislative history which indicated that the legislature considered and rejected provisions for blood drug testing under the statute. Apparently, the trial court believed that without a blood drug test it would be impossible to prove what type of drug was involved.

Even though proof of a specific drug may be made more difficult and circumstantial, we do not agree that such proof is impossible. For example, in this case the State could have tested any residue in the syringe. Also, it could have engaged an expert to testify as to the behavioral effects of a specific drug. The absence of provisions for blood drug testing does not render the requirement imposed by the second sentence of HRS § 291–7 impossible to meet.

The word "drug" is a broad generic term which can include prescribed and over–the–counter drugs. Therefore, the State's position can lead to an absurd and unintended conviction under HRS § 291–7. It is obvious that the legislature did not intend to give "drug" a broad and uncertain meaning under HRS § 291–7.

Furthermore, we note that HRS Chapter 329 has a Schedule V, HRS § 329–22 (1985), list of drugs which the legislature chose not to include in HRS § 291–7. We find no indication that this exclusion was unintentional. When the legislature exercises caution and deliberation in enumerating what constitutes an offense, this court will not expand the reach of the statute. *State v. Kanoa*, 67 Haw. 476, 691 P.2d 1169 (1984).

We hold that the language of HRS § 291–7 clearly requires the State to prove beyond a reasonable doubt that the defendant was under the influence of a specific drug enumerated in schedules I through IV of HRS chapter 329 in order to obtain a conviction thereunder.

Engcabo's conviction is reversed.

*Richard Pollack* (*James Tagupa* with him on the brief), Deputy Public Defenders, for Defendant–Appellant.

*Wallace Weatherwax* (*Patricia Loo Goodness* with him on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.