**UNITED STATES of America, Plaintiff,**

v.

**Tuala FAUTANU, Defendant.**

**No. 90–00791 ACK.**

United States District Court,
D. Hawaii.

Aug. 1, 1990.

Daniel A. Bent, Craig R. Bauerly, Asst. U.S. Atty., U.S. Attys. Office, Honolulu, Hawaii, for plaintiff.

Wayne Tashima, Honolulu, Hawaii, for defendant.

**ORDER REMANDING CASE TO MAGISTRATE FOR CORRECTION OF PARTIALLY DEFECTIVE SENTENCE**

KAY, District Judge.

I. BACKGROUND

On November 28, 1989, Defendant Fautanu was cited as the registered owner of a motor vehicle being driven without no-fault insurance coverage in violation of Hawaii

Revised Statutes (HRS) § 431:10C–104. At the time, the motor vehicle was being driven on the Aliamanu Military Reservation. Because the violation occurred on a federal military reservation, HRS § 431:10C–104 qualifies in the instant case as a federal offense pursuant to 18 U.S.C. § 13, the Assimilative Crimes Act.

On May 22, 1990, Defendant entered a plea of guilty to the citation before Magistrate Tokairin. The government introduced at trial a certified copy of Defendant's court abstract showing that Defendant had been convicted of the same offense on February 1, 1988, August 22, 1988, and October 3, 1989. Magistrate Tokairin subsequently sentenced Defendant to pay a fine to the United States in the sum of $1,000.00 and to be committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of ten days. Defendant requested that the Magistrate suspend the sentence of imprisonment or, in the alternative, to allow Defendant to serve the ten days imprisonment on weekends. Both requests were denied. Defendant then filed a notice of appeal with this Court.

## II. JURISDICTION

Because Defendant committed the offense of driving without no-fault insurance on a military reservation, this Court has jurisdiction over this matter pursuant to 18 U.S.C. § 13, the Assimilative Crimes Act.

## III. STANDARD OF REVIEW

*United States v. Little*, 638 F.Supp. 337, 338 (D.Mont.1986) provides the relevant standard for the instant appeal:

> A post-conviction review of the magistrate's judgment is governed by the same standards as an appeal from a judgment of a district court to the court of appeals. On appeal from the magistrate's judgment, the defendant is not entitled to a trial de novo in the district court. 18 U.S.C. § 3402; Rule 7(e), Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates. Thus, the challenged judgment is

reversible only if it is clearly erroneous or contrary to law. *See, e.g., United States v. Ramirez*, 555 F.Supp. 736, 738–39 (E.D.Cal.1983); *United States v. Li*, 510 F.Supp. 276, 277 (D.Haw.1981); *United States v. Brown*, 431 F.Supp. 56, 58 (D.Minn.1976), *aff'd*, 552 F.2d 817, *cert. denied*, 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977); *United States v. Channel*, 423 F.Supp. 1017, 1018 (D.Md. 1976).

## IV. DISCUSSION

### A. Whether the Magistrate correctly applied HRS § 431:10C–117(a)(3)(A) in the instant case

Defendant pled guilty before the Magistrate to a violation of HRS § 431:10C–104. Subsection (c) of that statute provides: "Any person who violates the provisions of this section shall be subject to the provisions of section 431:10C–117(a)." § 431:10C–117(a) provides in pertinent part:

> (2) Notwithstanding any provision of the Hawaii Penal Code, each violation shall be deemed a separate offense and shall be subject to a fine of not less than $100 nor more than $5,000 which shall not be suspended; *provided that if the person is convicted of not having had a no-fault policy in effect at the time the citation was issued, the fine shall be $1,000 for the first offense and a minimum of $3,000 for each subsequent offense.* In addition to the fine in this paragraph, if any person operates a motor vehicle without a valid no-fault policy in effect insuring the driver or registered owner, or both, either the driver's license of the driver and of the registered owner shall be suspended for six months or they shall be required to maintain proof of financial responsibility pursuant to sections 287–21(2), (3), or (4) and keep a nonrefundable no-fault insurance policy in force for six months; *provided that if the violation is a subsequent offense of driving without a valid no-fault policy, the driver's licenses of the driver and the registered owner shall be suspended for one year; . . .*

(3) *In the case of multiple violations, the court shall in addition to any other penalty impose the following penalties:*
*(A) Imprisonment of not more than thirty days;*
*(B) Suspension or revocation of the motor vehicle registration plates of the vehicle involved;*
*(C) Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle, or any other cost involved pursuant to section 431:10C-301; or*
*(D) Any combination of such penalties.*
(emphasis added)

Defendant asserts that the Magistrate mistakenly applied § 431:10C–117(a)(3)(A) in sentencing him to ten days imprisonment. Defendant contends that this subsection of the statute is vague and ambiguous because it fails to clearly delineate between a defendant being sentenced for more than one violation during a single proceeding, and a defendant being sentenced as a repeat offender. Defendant argues that § 431:10C–117(a)(3)(A) only applies to a defendant being sentenced for more than one violation at the same time, and not to repeat offenders. Defendant further argues that § 431:10C–117(a)(3)(A) is a penal statute and that the Magistrate was therefore compelled to strictly construe the statute in Defendant's favor.

Defendant cites the Hawaii Supreme Court's decision in *State v. Kanoa*, 67 Haw. 476, 691 P.2d 1169 (1984) in support of his argument. In *Kanoa*, the defendant was convicted of attempted rape in the first degree. *Id.* at 476, 691 P.2d 1169. The State argued that because the defendant had a previous conviction for carrying a firearm without a permit, he should be sentenced to a mandatory minimum sentence pursuant to the State's repeat offender statute, HRS § 706-606.5. *Id.* However, the offense of attempted rape was not one of the enumerated offenses included in HRS § 706-606.5 for which a minimum sentence for a repeat offender was mandated. *Id.* at 477, 691 P.2d 1169. The trial court stated that it was thus con-

strained to strictly construe the statute in favor of the defendant and refused to apply HRS § 706-606.5 in determining his sentence. *Id.* The State appealed. *Id.*

The Hawaii Supreme Court stated that although "the trial court was correct in recognizing that penal statutes are construed strictly, this rule may not be applied to defeat the legislative intent." *Id.* The Court then found that there was nothing in the legislative history of the statute which indicated that the legislature had intended to include the offense of attempted rape. *Id.* at 478–79, 691 P.2d 1169. The Court thus concluded that the trial court had correctly refused to apply the statute in its determination of the defendant's sentence. *Id.* at 479, 691 P.2d 1169.

■ Defendant contends that the *Kanoa* holding applies to the instant case since nothing in the legislative history of § 431:10C–117(a)(3)(A) supports the interpretation that the statute is applicable to repeat offenders. Defendant's contention is mistaken. Subsection (a)(3) of HRS § 431:10C–117 was added by amendment during the legislative session of 1980 (House Bill No. 1986–80). At the time, § 431:10C–117 was designated as HRS § 294–39. The report of the Senate Committee on Consumer Protection and Commerce on House Bill No. 1986–80 included the following comments:

Section 294–39(a) has been further amended to impose additional mandatory penalties for multiple offenders, although the Courts may use discretion in imposing additional penalties for first-time offenders.

Sen.Stand.Comm.Rep. No. 983–80, in 1980 Senate Journal, at 1503.

Moreover, in its Statement on House Bill No. 1986–80, the House Committee on Consumer Protection and Commerce asserted that "[t]his amendment also provides mandatory imposition of additional penalties in the case of multiple offender.... Conversely, the Courts may use its [sic] discretion for first-time offenders as far as these additional penalties; but the fine must be levied upon all offenders." Statement on House Bill No. 1986–80 to the Tenth State

Legislature Second Session, February 11, 1980 at 3. These comments, from both the State House and Senate committees responsible for the amendment, are strong indications that the legislature intended § 431:10C–117(a)(3) on mandatory penalties for multiple violations to apply in the case of repeat offenders. Indeed, the manner in which both comments expressly contrast "multiple offenders" with "first-time offenders" demonstrates that the amendment and its new mandatory penalties were devised especially to deal with repeat offenders, rather than the presumably rare instance where a defendant would be convicted and sentenced at one proceeding for more than one violation of § 431:10C–104.

In *State v. Paaluhi*, 70 Haw. 237, 768 P.2d 235 (1989), however, the Hawaii Supreme Court held that the "multiple violations" language of § 431:10C–117(a)(3) did in fact apply in a situation where the defendant was convicted at one proceeding for three separate violations. In *Paaluhi*, the defendant pled guilty to three no-fault insurance violation counts, but the trial court did not apply the minimum penalties mandated by the statute for multiple violations. *Id.* at 239, 768 P.2d 235. The trial court ruled that the multiple violations minimums did not apply because the defendant was being sentenced for the three violations at one proceeding. *Id.* The trial court relied on prior cases in which defendants convicted of several offenses at a single proceeding were sentenced as first rather than as repeat offenders because they had not been actually convicted before. *Id.* at 242, 768 P.2d 235. The State appealed.

The Hawaii Supreme Court held that a defendant did not necessarily need a prior conviction to be subject to the multiple violations minimums mandated by § 431:10C–117(a)(3). *Id.* at 243, 768 P.2d 235. The Court stated:

> HRS § 294–39 [§ 431:10C–117] clearly recites that the *commission* of more than one offense necessitates the multiple offender penalties.... As State accurately complains, adopting Paaluhi's position "would reward [him] for failing to report to court on the first citation,

and treat him as a first offender when he finally appears in court on three successive multiple violations." Opening Brief at 10. This is not what the legislature intended.

*Id.* (emphasis in original)

The *Paaluhi* holding thus supports Defendant's position that the "multiple violations" language of § 431:10C–117(a)(3) should be applied in a situation where the defendant is convicted of more than one violation at a single proceeding. However, *Paaluhi* undercuts Defendant's principal contention that such a situation is the *only* one to which the statute should apply. In *Paaluhi*, the Court in fact explicitly interpreted the statute as including defendants being sentenced for more than one violation at a single proceeding *as well as* repeat offenders. In quoting from the State's Brief, the *Paaluhi* court noted that the legislature intended the mandatory minimum penalties to apply to all defendants who are not first offenders. *Id.* at 243, 768 P.2d 235. The clear implication of the Court's holding in *Paaluhi* is that this class of defendants subject to the mandatory minimums (not first offenders) includes *both* repeat offenders with prior convictions *and* defendants being sentenced at a single proceeding for more than one prior violation. The Magistrate thus correctly applied HRS § 431:10C–117(a)(3)(A) in sentencing Defendant in the instant case to a ten-day term of imprisonment.

B. *Whether the Magistrate otherwise failed to conform to the minimum sentence requirements of HRS § 431:10C–117(a)*

██ Defendant was sentenced by the Magistrate for a violation of HRS § 431:10C–104 pursuant to the "Penalties" section of the no-fault insurance statute, HRS § 431:10C–117(a). Defendant committed the violation on November 28, 1989. The most recent version of § 431:10C–117(a)—the 1989 amendment—went into effect on June 16, 1989. Haw. Rev.Stat. § 431:10C–117(a) (1988 & Supp.

1989). Therefore, the Magistrate was·required to sentence Defendant according to the terms mandated by this most recent 1989 version of the statute.[1]

■ § 431:10C–117(a)(2), quoted above, requires that a repeat offender be fined a minimum of $3,000 for each subsequent offense. Subsection (a)(2) further requires that the driver's license of a repeat offender be suspended for one year. In the instant case, by only fining Defendant $1,000 in addition to the term of ten-days imprisonment, the Magistrate failed to apply the minimum penalties for repeat offenders mandated by HRS § 431:10C–117(a).[2]

Fed.R.Crim.P. 35(a) provides:

The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—

(1) for imposition of a sentence in accord with the findings of the court of appeals; or

1. Although Defendant's three previous violations of § 431:10C–104 occurred prior to the June 16, 1989 effective date of the most recent version of § 431:10C–117(a), sentencing him as a repeat offender according to the most recently revised penalties would not be a violation of the constitutional prohibition against the enactment of *ex post facto* legislation. The controlling authority on this issue is *State v. Freitas,* 61 Haw. 262, 602 P.2d 914 (1979).

In *Freitas,* the defendant was convicted of first-degree burglary in 1978 and sentenced as a repeat offender pursuant to a statute ("Act 181") that had come into effect in 1976. *Id.* at 264–265, 602 P.2d 914. The defendant's prior conviction had occurred in 1975, however, before the new sentencing statute had become effective. *Id.* at 275, 602 P.2d 914. The defendant appealed, claiming that the new sentencing statute constituted *ex post facto* punishment which violated his constitutional right to equal protection. *Id.* at 266, 602 P.2d 914.

The Hawaii Supreme Court held that the new statute did not constitute *ex post facto* punishment. *Id.* at 275, 602 P.2d 914. The Court stated:

The language of the statute is clear, and its enactment served to put previously convicted offenders on notice that a repetition of the same offense would subject them to a more severe punishment.... we find, as other courts have, *see, e.g., Alaway v. United States,* 280 F.Supp. 326 (D.Cal.1968); *People v. Beaty, supra* [84 Cal.App.3d 239, 148 Cal.Rptr. 319 (1978) ]; *State v. Maldonado, supra* [176 Mont. 322, 578 P.2d 296 (1978) ]; *State v. Polson,* 93 Idaho 912, 478 P.2d 292 (1972) [(1970) ], *cert. denied,* 402 U.S. 930 [91 S.Ct. 1527, 28 L.Ed.2d 863 (1971) ]; *Ridgeway v. State,* 251 Ark. 157, 472 S.W.2d 108 (1971), that the use of prior convictions to increase punishment for the underlying substantive offense is not violative of the constitutional prohibition against the enactment of ex post facto legislation. Enhanced punishment under a recidivist statute, such as Act 181, is not an additional penalty for the prior crime. Rather, "[i]t is a stiffened penalty for the latest crime which is considered to be an aggravated offense because a repetitive one." *State v. Polson, supra,* 478 P.2d at 294.

*Id.* 61 Haw. at 275–276, 602 P.2d 914.

Likewise in the instant case, the penalties for repeat offenders contained in the latest version of § 431:10C–117(a) are not additional penalties for Defendant's prior violations, but rather stiffened penalties for the latest offense. Thus, if the Magistrate were to correct his sentencing error and impose the minimum penalties mandated by the statute, he would not thereby violate the constitutional prohibition against the enactment of *ex post facto* legislation.

2. Subsection (a)(3) under which the Magistrate correctly sentenced Defendant to a term of ten-days imprisonment pursuant to Subsection (a)(3)(A) provides:

(3) In the case of multiple violations, the court *shall in addition to any other penalty impose the following penalties:*
(A) Imprisonment of not more than thirty days;
(B) Suspension or revocation of the motor vehicle registration plates of the vehicle involved;
(C) Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle, or any other cost involved pursuant to section 431:10C–301; *or*
*(D) Any combination of such penalties.* (emphasis added)

Pursuant to one fair interpretation of this subsection, the court must sentence a repeat offender to at least two of the three "multiple violations" penalties contained therein. However, this Court will defer to the Magistrate's interpretation of this subsection pursuant to the "rule of lenity" enunciated by the Supreme Court in *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971): "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *See also United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971); *Busic v. United States,* 446 U.S. 398, 407, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980).

(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

However, the Government in the instant case has not appealed the Magistrate's failure to apply the appropriate mandatory minimum penalties. This Court is thus faced with the issue of whether it may *sua sponte* remand this case to the Magistrate so that he may correct the sentence to conform to the minimum penalties mandated by § 431:10C–117(a).

Although the precise issue facing this Court does not appear to have been addressed in the Ninth Circuit, *United States v. Kenyon*, 519 F.2d 1229 (9th Cir.), *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975) is closely analogous. In *Kenyon*, the defendant was convicted of possession with intent to distribute heroin pursuant to 21 U.S.C. § 841(a)(1). *Id.* at 1231. The defendant was sentenced to two consecutive five-year terms of imprisonment which were suspended. Instead, the defendant was placed on probation for five years. *Id.* However, the sentencing judge neglected to impose the mandatory special parole term prescribed by the statute. *Id.*

The defendant subsequently violated a condition of his probation. The judge thereupon ordered that probation be revoked and also, for the first time, imposed the special parole term mandated by the statute. *Id.* The defendant then appealed, claiming that the imposition of the special parole term violated the double jeopardy clause of the Fifth Amendment. *Id.*

The Ninth Circuit noted that "Kenyon's original sentence was defective because it did not impose the special parole term required by 21 U.S.C. § 841(b)(1)(A). *United States v. Mack*, 494 F.2d 1204 (9th Cir. 1974)." *Id.* The Court then stated that:

Sentences which are defective because they fail to impose a minimum required penalty should be viewed as voidable by the court, either on its own motion or at the request of the government.

*Id.* at 1232.

The Ninth Circuit then noted *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), in which the Supreme Court held that a sentencing court retained the power to enter a valid sentence even two years after that same court had incorrectly sentenced the defendant. *Kenyon* at 1232. The Supreme Court in *Pollard* also stated that:

It is not disputed that a court has power to enter sentence at a succeeding term where a void sentence had been previously imposed. *Miller v. Aderhold*, 288 U.S. 206 [53 S.Ct. 325, 77 L.Ed. 702 (1933)]; cf. *Bozza v. United States*, 330 U.S. 160, 166 [67 S.Ct. 645, 648, 91 L.Ed. 818 (1947)]. To hold otherwise would allow the guilty to escape punishment through a legal accident.

*Pollard*, 352 U.S. at 361, 77 S.Ct. at 485.

The Ninth Circuit in *Kenyon* next addressed the defendant's specific double jeopardy claim:

Kenyon argues that imposition of special parole terms at the probation revocation hearing violated the double jeopardy clause of the Fifth Amendment. The point must be rejected. *United v. Mack, supra*, held that correction of an invalid sentence by addition of the special parole mandated by 21 U.S.C. § 841(c) does not subject the defendant to double jeopardy.

*Id.*

The *Kenyon* court then held that even though the trial court had imposed a special parole term greater than the statutory minimum on the defendant, "we find no fault with [the sentence] on double jeopardy grounds." *Id.* at 1233.

As in the instant case, the Government in *Kenyon* failed to appeal the trial court's sentencing error. Notwithstanding the lack of a Government appeal, the *Kenyon* court stated that a sentence which is defective because it fails to impose a minimum required penalty should be viewed as voidable by the court, even "on its own motion." The *Kenyon* court's decision and the Supreme Court's statement in *Pollard* strongly suggest that this Court should rectify the Magistrate's erroneous sentence in the instant case.

Although Defendant does not question the Magistrate's imposition of a monetary fine, the fact remains that the Magistrate's judgment is before this Court. The Magistrate's imposition of only a $1,000 fine and his failure to suspend Defendant's driver's license for one year pursuant to 431:10C–117(a)(2) clearly constitute a defective sentence according to the minimum penalties mandated for repeat offenders under § 431:10C–117(a). The strong implication of *Kenyon* and *Pollard* is that such a defective sentence should be voided and the correct mandatory penalties applied.

## V. ORDER

This Court finds that the Magistrate correctly imposed the sentence of imprisonment for ten days upon Defendant in the instant case. This Court further finds, however, that the Magistrate erred in failing to sentence Defendant as a repeat offender to pay a fine of $3,000.00 and in failing to suspend Defendant's driver's license for one year pursuant to HRS § 431:10C–117(a)(2). Accordingly, it is hereby ORDERED that the instant case be REMANDED to the Magistrate for further sentencing proceedings so that the Magistrate may correct the partially defective sentence.