**UNITED STATES of America, Appellee,**

v.

**Patrick Harley KENYON, Appellant.**

**No. 74–1616.**

United States Court of Appeals, Ninth Circuit.

July 17, 1975.

Certiorari Denied Nov. 3, 1975. See 96 S.Ct. 293.

---

Robert L. Boles (argued), Federal Defender, San Diego, Cal., for appellant.

Michael E. Quinton, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., James W. Meyers, Asst. U. S. Atty., on the petition for rehearing, San Diego, Cal., for appellee.

Before CHAMBERS and GOODWIN, Circuit Judges, and COPPLE,* District Judge.

## ORDER

The panel as constituted in the above-entitled case has voted to grant the petition for rehearing in part and to amend its opinion by substituting the revised opinion presented for filing herewith; Judges Chambers and Goodwin have voted to reject the suggestion for rehearing en banc.

The full court has been advised of the proposal to amend the opinion and of the suggestion for en banc rehearing, and no judge has objected to the amendment or requested a vote on the suggestion for rehearing en banc. Fed.R.App.P. 35(b).

The petition for rehearing is granted in part; the opinion filed January 20, 1975, in this case is withdrawn; the Clerk will file the Revised Opinion; the suggestion for a rehearing en banc is rejected.

## OPINION

ALFRED T. GOODWIN, Circuit Judge:

Patrick Harley Kenyon appeals from an order revoking probation and remanding him to custody. He also challenges two consecutive special lifetime parole terms.

On December 8, 1972, Kenyon was convicted on two counts of possession of heroin with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). On March 27, 1973, he was sentenced to two consecutive five-year terms of imprisonment. Execution of the prison sentence was suspended, and Kenyon was placed on probation for five years. The sentencing judge neglected to impose the mandatory special parole term prescribed by 21 U.S.C. § 841(b)(1)(A).

On February 22, 1974, the judge found that Kenyon had resumed the use of narcotics and thus had violated a condition of his March 1973 probation. The judge thereupon ordered that probation revoked, and lifted the stay of execution of the two consecutive five-year sentences. He also, for the first time, imposed the special parole terms challenged in this appeal.

Kenyon contends that his sentence is illegal in several particulars: (1) Because the court failed to specify when his term of probation commenced, as required by Fed.R.Crim.P. 38(a)(4), his original probation never commenced. He argues that he was never legally in a probationary status and therefore there was no probation to be revoked. (2) The original sentence failed to satisfy 21 U.S.C. § 841(b), and therefore was void. Since the "probation" was an integral part of an illegal sentence, he argues, his probation never came into legal existence and could not be revoked.

Kenyon also asserts that, even if the court had the power to resentence him, the special parole terms ultimately imposed constitute cruel and unusual punishment within the meaning of the Eighth Amendment and violate the Fifth Amendment.

## I. REVOCATION OF PROBATION

■ Kenyon's original sentence was defective because it did not impose the special parole term required by 21 U.S.C. § 841(b)(1)(A).[1] United States v. Mack, 494 F.2d 1204 (9th Cir. 1974). While this court has treated sentences which fail to assess the minimum required penalty as void for certain purposes, see Mathes v. United States, 254 F.2d 938 (9th Cir. 1958), it does not follow that such a defect affords the defendant a basis for challenging the sentence. Kenyon was not prejudiced by the failure of the sentencing court to impose the mandatory special parole term necessary to satisfy 21 U.S.C. § 841(b)(1)(A). As we said in McDowell v. Swope, 183 F.2d 856, 858

---

* The Honorable William P. Copple, United States District Judge for the District of Arizona, sitting by designation.

1. The original sentence imposed a term of imprisonment within the meaning of 21 U.S.C. § 841(b)(1)(A) even though execution of the prison term was suspended.

(9th Cir. 1950), "where a defendant is given less than is provided for by the statute, he cannot be heard to complain as the injury is not his but the public's * * *."[2] Sentences which are defective because they fail to impose a minimum required penalty should be viewed as voidable by the court, either on its own motion or at the request of the government. But such sentences are fully effective unless and until they are voided by the court.

■ It follows that Kenyon's defective sentence was fully effective until the court imposed a correct sentence. Hence, his probation was effective and could be revoked.

■ Even if the sentencing defect here were of a type which gave Kenyon a cause for complaint—such as punishment in excess of the statutory limit or sentence imposition in the defendant's absence—and the initial probation were thus invalid, such an invalid probation could still be "revoked" and replaced with a custodial term. Pollard v. United States, 352 U.S. 354 (1957).[3] In *Pollard* a defendant, who had been placed on probation after he had left the courtroom, violated the terms of his probation and was sentenced to two years in prison. The Court held that even though the order placing Pollard on probation was invalid because entered while Pollard was absent from the courtroom, the sentencing court retained the power to enter a valid sentence of imprisonment upon the principal offense two years later when the prisoner was returned to court for violation of probation. *Pollard* held that such a substitution of a valid custodial term for an invalid probationary term does not violate double jeopardy.

■ Kenyon also complains that he did not know when his probationary term was to start. Because his appeal was pending, the probation officer had told him that supervision would not begin until after the appeal had been concluded. However, the probation officer also told Kenyon, before Kenyon was detected in the resumption of the use of narcotics, that he, the probation officer, had been misinformed, and that it was court policy to maintain probationary supervision pending appeal. It is undisputed that Kenyon knew he was on probation. It is further undisputed that chemical tests taken while Kenyon was on probation revealed that he was using narcotics contrary to the terms of his probation. We find no prejudicial lack of notice and no basis for holding that the court was without power to revoke probation. *See* Pollard v. United States, 352 U.S. at 356.

## II. SPECIAL PAROLE TERMS

### A. *Double Jeopardy*

■ Kenyon argues that imposition of special parole terms at the probation revocation hearing violated the double jeopardy clause of the Fifth Amendment. The point must be rejected. United States v. Mack, *supra*, held that correction of an invalid sentence by addition of the special parole mandated by 21 U.S.C. § 841(c) does not subject the defendant to double jeopardy. *See*, e. g., Garcia v. United States, 492 F.2d 395 (10th Cir. 1974); Caille v. United States, 487 F.2d 614 (5th Cir. 1973); United States v. Thomas, 356 F.Supp. 173 (E.D. N.Y.1972), aff'd, 474 F.2d 1336 (2d Cir. 1973).

It is true that in all of these cases the special parole term imposed in a corrective resentencing was the minimum nec-

---

**2.** Where the sentence imposed is in excess of that authorized by statute it may be challenged by the defendant. *See* Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964).

**3.** *Pollard* was overruled on the preliminary issue of mootness by Parker v. Ellis, 362 U.S. 574 (1960), which in turn was overruled by

Carafas v. LaVallee, 391 U.S. 234 (1968). *See* Marshall v. United States, 465 F.2d 966 (9th Cir. 1972); United States v. Meyer, 417 F.2d 1020, 1022 n. 2 (8th Cir. 1969). The *Pollard* holding appears to be presently sound, despite its checkered history. *See* North Carolina v. Rice, 404 U.S. 244, 247 n. 2 (1971).

essary to make the prior sentence valid. Likewise, in Bozza v. United States, 330 U.S. 160 (1947), the illegal sentence was increased only by the minimum necessary to achieve compliance with the statute. Here, by contrast, the Court resentenced Kenyon to a special parole term far in excess of the statutory minimum. While this sentence, as will be seen, is subject to judicial review on other grounds, we find no fault with it on double jeopardy grounds.

Nothing in the case law on jeopardy limits a judge's discretion in a corrective resentencing proceeding to the imposition of the minimum additional penalty necessary to create a valid sentence. When a judge has omitted entirely a category of punishment mandated by statute, he has not exercised the discretion with respect to that punishment which the statute contemplates. We do not read the double jeopardy clause to preclude the exercise of such discretion on resentencing.[4] *See* generally North Carolina v. Pearce, 395 U.S. 711 (1969).

### III. DUE PROCESS

Finally, Kenyon contends that a judge's discretion in a corrective resentencing proceeding is limited by the due process restrictions set forth in North Carolina v. Pearce, 395 U.S. at 726, 89 S.Ct. 2072. While we do not agree that the restrictions applicable to corrective resentencing need take precisely the same form as those which apply to sentencing on reconviction after a successful appeal, we agree that due process requires that corrective resentencing be free of vindictiveness, pique, or the appearance thereof. *Cf.* United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974); United States v. Stockwell, 472 F.2d 1186 (9th Cir.), cert. denied, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

Accordingly, we hold that if the additional punishment imposed on cor-

rective resentencing exceeds the minimum addition necessary to make the prior sentence valid, the record must affirmatively show that the court resentenced the defendant "solely upon the facts of his case and his personal history," United States v. Stockwell, 472 F.2d at 1188, and not to punish him for asserting his legal rights.

Turning to the record in this case, the colloquy at the probation revocation hearing leaves a serious doubt whether the lifetime special parole terms were imposed solely because of the facts of the defendant's case. Upon resentencing, we are confident that the court will exercise its sentencing discretion properly.

The sentence is vacated, and the cause is remanded for resentencing.[5]

---

4. *Compare* Walsh v. United States, 374 F.2d 421 (9th Cir. 1967).

5. Because of our disposition of the Fifth Amendment issues, we need not decide whether imposition of the consecutive special parole

terms of life constituted cruel and unusual punishment proscribed by the Eighth Amendment. This question is pending in other litigation before the court. *United States v. Rivera-Marquez*, No. 74–3061, argued April 4, 1975.