**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John James CONNOLLY,
Defendant-Appellant.**

**No. 78-3075.**

United States Court of Appeals,
Ninth Circuit.

May 8, 1980.

Karen R. Smith, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Nancy Wieben Stock, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MERRILL and TANG, Circuit Judges.

BARNES, Senior Circuit Judge:

I. *Factual Background Prior to June 1st, 1979.*

Appellant was convicted in 1972 in the District Court of the Central District of California on two counts of the possession of cocaine (a controlled substance), with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1] At the bench trial, appellant was sentenced to two concurrent five year terms, but was not given a mandatory special parole term as required by 21 U.S.C. § 841(b)(1)(A).[2]

Appellant appealed his conviction to this Court. His conviction was affirmed.[3] Appellant sought certiorari from the Supreme Court. Certiorari was denied and his petition was dismissed,[4] citing *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). During this time defendant was on bail.

Appellant did not appear in the district court at the spreading of the remand affirming the judgment of conviction, after his appeal. His bond was forfeited, and a bench warrant was issued for his arrest as a fugitive from justice. Apparently Connolly fled to England; was arrested there; and apparently spent two and a half years in a British prison after conviction of a British crime, which is not named in the record before us, and which conviction was reversed on appeal (R.T., p. 7).[5] Thereafter he voluntarily returned to the United States, and turned himself in.

On June 1st, 1978, the district judge who originally sentenced Connolly was orally requested by appellant Connolly and his appointed counsel to correct an illegal sentence. (R.T., p. 10).[6] It was represented to the court by counsel for defendant that appellant had served one year in custody in the United States and two and one-half

---

1. 21 U.S.C. § 841, in part:

    (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
        (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or . . .
    We note at this time that the counts on which Connolly was convicted arose from two separate offenses involving possession of two different amounts of cocaine at two locations on two different dates. *Cf. United States v. Clements*, 471 F.2d 1253 (9th Cir. 1972); *United States v. Edick*, on petition for rehearing, 5/22/79 No. 78–1893 (9th Cir. 1979). Thus, in the case before us, the two counts arose from two transactions.

2. § 841(b)(1)(A) in material part:

    Penalties

    (b) [e]xcept as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
        (1)(A) In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both . .

    Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment . .
    There was here no proof of a prior conviction, and § 845 is not applicable.

3. 479 F.2d 930 (9th Cir. 1973).

4. 414 U.S. 897, 94 S.Ct. 248, 38 L.Ed.2d 139 (1973).

5. We use the term "apparently" advisably. Both the Public Defender and the attorney who originally represented defendant made certain representations as to the time defendant had served prior to his first appearance on June 1st, 1978, before the sentencing judge. On June 9th, 1978, another public defender then represented the defendant, and stated the defendant had told him that the statements made at the June 1st hearing were "not entirely accurate in terms of how much he (defendant) had served." (R.T., p. 16, line 13 to p. 17, line 1).

6. Appellant's counsel *on this appeal* describes her original motion only as a request "for a clarification of the 1972 sentence." (Op.Br., p. 1).

years in custody in Great Britain, on a charge of which he was later acquitted.[7]

The trial court stated on June 1st, 1978, it would not *change* the original sentence of five years, concurrent on two counts of possession with the intent to sell hashish, but would entertain a motion, if made by the prosecution, to *correct* the 1972 sentence by inserting the mandatory parole specified in 21 U.S.C. § 841(b)(1)(A). Such a motion was filed on June 2nd, 1978, by the United States Attorney entitled "Notice of Motion for Modification of Sentence under Rule 35", supported by an affidavit and a Memorandum of Points and Authorities supplied by the Government. The trial court heard this on June 9th, 1978, and the following order was made:

> HEARING plaintiff's motion for modification of sentence pursuant to Rule 35: COURT AND COUNSEL CONFER, IT IS ORDERED that the previously imposed sentence is hereby modified to reflect the imposition of Special Parole Term purs to 21 USC 841(b)(1)(A) of 3 yrs on each of counts 3 & 6: IT IS ADJUDGED that the computation of time as to the Special Parole Term, should be as if the sentence had been imposed correctly at the date of sentencing and that the Special Parole Term imposed on each count would run concurrently one with the other: Filed and issued modified judgment: Mde JS–5 Ent. ___ (DWW)

The Public Defender's brief to this Court continues to characterize and assert that the court's order above quoted made on the government's motion for modification under Rule 35, was *one*, a *resentencing* conducted by the court wherein (a) defendant was not afforded allocution, nor (b) a presentence report, as required by Rule 32 of Fed.R.Crim.P.; *two*, a resentencing, after

an illegal sentence which constitutes a *de novo* proceeding.

We hold it was neither a resentencing proceeding nor a *de novo* proceeding, and that neither allocution nor a presentence report was required under the circumstances here existing. We find no error in the trial court's procedures or order correcting (or modifying) the previously imposed sentence. We affirm.

## II. A. The Court's Order of June 9th, 1978.

The defendant's sentence is not one where the court lacked jurisdiction. It is not claimed there was any constitutional error.[8] Thus, there was no basis for a motion under 28 U.S.C. § 2255.

This motion made and acted upon did not charge an error in fact, but an error in law. "The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' *Hill v. United States*, 368 U.S. 424, 428 [82 S.Ct. 468, 471, 7 L.Ed.2d 417]." *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

Here the court's action in modifying and correcting an unquestioned illegal sentence can in no way or manner be considered a complete miscarriage of justice. The trial court's order was carefully drawn to avoid such a result. It ordered the sentence imposed "modified" to add a three year special parole term to the sentence already imposed. This was the minimum special parole term required by law to be part of a lawful sentence. The court had no discretion not to impose it, or to modify it, once it becomes a part of a valid judg-

7. This statement, *made to the trial court* on June 1st, 1978, was described by the Public Defender as a request "for a clarification of the 1972 sentence." This was an oral request, for there is no record in the clerk's transcript or the clerk's minutes of any such written motion having been filed by defendant or his counsel.

8. "A sentence less than the statutory minimum may be corrected under Rule 35 without vio-

lation of any constitutional rights of the defendant. *Reyes v. United States* (5th Cir.) 262 F.2d 801, 802; *Hayes v. United States* (D.C.Cir.) 249 F.2d 516, 518, *cert. den.* 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586." Breitenstein, "Post Conviction Problems" Seminars for Newly Appointed United States District Judges, Part VII, p. 251 at 253.

ment. No change or modification was otherwise made in Connolly's previously imposed sentence. The court then further ordered that "[t]he beginning of the three year period of special parole terms should begin at such time as it ordinarily would have begun had that portion of the sentence been added in 1972." (R.T., p. 19).[9]

Thus, the action of the court patently was favorable to Connolly. To suggest it even approaches "a miscarriage of justice" is preposterous.

Although Fed.R.Crim.P. 35 has been amended twice since Connolly's 1972 conviction, it has not been changed to Connolly's advantage, either in 1976, or on August 1st, 1979 after the modification or correction of his sentence was ordered. As Moore's Federal Practice states: Rule 35 provides two forms of relief—(a) "the court may correct an illegal sentence at any time"; and (b) "the court may (within certain time limitations) reduce a sentence."[10] We are here concerned only with Rule 35(a).

## II. *B. Allocution.*

■ As soon as the court was advised of the illegality of Connolly's sentence, by reason of its failure to follow the requirements of 21 U.S.C. § 841(b)(1)(A), it was its duty to comply with the statute. No question of double jeopardy is then involved, even if the sentence was increased. *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *United States v. Kenyon*, 519 F.2d 1229 (9th Cir. 1975).

Although Rule 35 does not require the presence of a defendant when there is no disputed issue of fact and a correction of an illegal sentence comes before the court, the record before us clearly shows the presence of Connolly and two attorneys representing him during the entire proceeding on June 1st, 1972; and that Connolly was present with his appointed attorney on June 9th, 1972, i. e., at all times during both procedures. *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1950); *Ruiz v. United States*, 365 F.2d 500, 502 (3rd Cir. 1966); *United States v. Phillips*, 403 F.2d 963, 964 (6th Cir. 1968).

Nothing defendant could say on his own behalf would aid the trial court in modifying and correcting the sentence, when the modification is mandatory by statute and a *minimum* mandatory sentence is given, as it was here. *United States v. Kenyon, supra*, p. 1233. Thus appellant was not hurt or prejudiced in any way.

### III. *Pre-sentence Report.*

■ Appellant suggests that a pre-sentence report could perhaps have determined the question as to how much time Connolly had left to serve (R.T., p. 16).

This was not a question for the trial court to determine. If it had attempted to do so, it would have exceeded its authority. That determination rests with the parole board.[11]

But there exists no question, factually, as to whether the defendant had served out his term. He had not. The most claimed below as to his service under the judgment here modified was that he had served one and one-half years (or one year and eight months) on his sentence, while in the United States.

Without citing authority, Connolly's appointed counsel sought to have the court give him credit for time served in England—two and one-half years after his conviction there—while he was a fugitive from the United States after his failure to appear after being released on bail during his appeal.

This is a false hope.[12] Connolly failed to appear at the time of the filing and spread-

9. The court's order actually read in part:
". . . that the computation in time as to the Special Parole Term, should be as if the sentence had been imposed correctly at the date of sentencing and that the Special Parole Term imposed on each count would run concurrently one with the other. . . . ."

10. 8A Moore's Federal Practice, paragraphs 35.02 and 35.03.

11. "The judiciary does not possess powers of parole and post sentence supervision." *United States v. Haseltine*, 419 F.2d 579 (9th Cir. 1964) Note 5.

12. 18 U.S.C. § 3568 (in part):

ing ·of this Court's affirmance of defendant's conviction on July 17th, 1973 (T.T., p. 4). His bail was forfeited, and a bench warrant issued for his arrest. Connolly was not found and the bench warrant was not served on Connolly until May 18th, 1977.

The order of the trial judge modifying the judgment of conviction is affirmed in all respects.

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.
Credit is given for any day spent in custody "in connection with the offense or acts for

which sentence was imposed." (Underscoring added.)