26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel JIMENEZ, aka "Manny," Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15699.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 24, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Jimenez appeals an order denying his petition for habeas corpus pursuant to 28 U.S.C. Sec. 2255. He contends that the district court's correction of sentence by imposing a statutorily required three-year period of supervised release in his absence violated Fed.R.Crim.P. 43 and his Fifth and Sixth Amendment rights, and that he received ineffective assistance of counsel because his attorney did not notify him of the court's intent to impose the period of supervised release and allow him to challenge it. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Assuming for purposes of this appeal that Jimenez's challenge is not procedurally defaulted, Jimenez's absence did not violate either the Federal Rules of Criminal Procedure or the Constitution. Since he pled guilty to a pre-November 1, 1987 offense, the district court could correct its illegal sentence at any time. Fed.R.Crim.P. 35(a). "Rule 35 does not require the presence of a defendant when there is no disputed issue of fact and a correction of illegal sentence comes before the court[.]" United States v. Connolly, 618 F.2d 553, 556 (9th Cir.1980). There were no disputed issues of fact and the imposition of the supervised release was mandatory. Adding the term of supervised release was required to make the sentence legal. "Nothing defendant could say on his own behalf would aid the trial court in modifying and correcting the sentence, when the modification is mandatory by statute and a minimum mandatory sentence is given[.]" Id. Jimenez's presence was therefore not required.
 
 
 4
 For the same reason, it is immaterial whether Jimenez personally received notice and an opportunity to be heard. There is no question that his attorney knew of the proposed modification order, although he did not respond. Jimenez asserts that failure to contest the proposed order adding the mandatory term of supervised release, or to notify Jimenez of it, deprived him of the effective assistance of counsel; however, Jimenez has not shown how he was prejudiced by his counsel's inaction. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). He has failed to establish that, but for counsel's deficient performance, there is a reasonable probability that he would not have been sentenced to the mandatory minimum term of supervised release. Id. at 694; see also 21 U.S.C. Sec. 841(b)(1)(C). Jimenez testified at the Sec. 2255 hearing that he knew when he pled guilty that the supervised release term was mandatory. Assistance of counsel was accordingly not ineffective.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3