STEVE CARRILLO MIRANDA, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 29002

April 9, 1998                                   956 P.2d 1377

*Steven McGuire,* State Public Defender, *Kent Hart,* Deputy Public Defender, and *Harriet Cummings,* Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General; *Noel S. Waters,* District Attorney, *Melanie L. F. Bruketta,* Deputy District Attorney, and *Jennifer Suter,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Steve Carrillo Miranda was sentenced to two consecutive terms of eighteen to thirty-six months in prison following his guilty plea to two counts of third-offense, felony driving under the influence. The district court subsequently realized that the sentences violated NRS 193.130(1), which provides that a minimum term of imprisonment "must not exceed 40 percent of the maximum term imposed." The district court corrected the sentences by increasing the maximum term of each sentence to forty-five months. Miranda now appeals.

Miranda argues that increasing the maximum terms of his sentences violated the Double Jeopardy Clause of the state and federal constitutions because the increases were not necessary to remedy the sentencing illegalities.[1] Because the minimum terms could have been reduced to forty percent of the maximum terms, thereby bringing the sentences into compliance with NRS 193.130(1), Miranda contends that increasing the maximum terms was not necessary to remedy the illegality. We find that this argument has merit.

Miranda concedes that the district court had the authority to correct the illegal sentences. The Double Jeopardy Clause of the United States Constitution precludes courts from increasing a sentence when the defendant has a reasonable expectation that the sentence is final. United States v. DiFrancesco, 449 U.S. 117, 135 (1980). However, a defendant has "no legitimate expectation of finality in an illegal sentence. U.S. v. Garren, 884 F.2d 427, 431 (9th Cir. 1989) (citation omitted). Thus, correction of an illegally imposed sentence does not necessarily violate double jeopardy simply because the correction increases the punishment." *Id.* at 431.

---

[1] Miranda also argues that the sentence corrections violate the Due Process Clause of the state and federal constitutions; however, because the double jeopardy argument is dispositive in this case, we decline to address the due process argument.

A district court may correct an illegal sentence "only to the extent necessary to bring the sentence into compliance with the statute." U.S. v. Fogel, 829 F.2d 77, 88 (D.C. Cir. 1987). Miranda attempts to marshall federal case law involving the Double Jeopardy Clause of the United States Constitution in support of his interpretation of the term "necessary" in the present context; however, these cases provide no clear support for his position. *See Garren,* 884 F.2d 427; *Fogel,* 829 F.2d 77; United States v. Kenyon, 519 F.2d 1229 (9th Cir. 1975), *cert. denied,* 423 U.S. 935 (1975).

We need not determine the precise scope of necessary sentence corrections under the Double Jeopardy Clause of the United States Constitution because the Double Jeopardy Clause of the Nevada Constitution requires a narrow construction of necessity in the present context. To comply with the Double Jeopardy Clause of the Nevada Constitution, a district court may correct an illegal sentence by increasing its severity only when necessary to bring the sentence into compliance with the pertinent statute, and a correction that increases sentence severity is "necessary" only when there is no other, less severe means of correcting the illegality.

The sentencing illegality in the present case could have been corrected by lowering the minimum terms rather than increasing the maximum terms, and, therefore, the correction imposed was not necessary to bring the sentences into compliance with the pertinent sentencing statute. Because the sentencing correction unnecessarily increased the severity of the sentences, we conclude that the correction violated the Double Jeopardy Clause of the Nevada Constitution. We have considered all other arguments not discussed herein, and conclude that they are without merit. Accordingly, we reverse the sentences imposed by the district court and remand this case with instructions to correct the illegal sentences by lowering the minimum terms to fourteen months each.

MAUPIN, J., dissenting:

I dissent. There is no indication that resentencing was for any purpose other than to correct an illegality. This being the case, appellant's due process rights were not violated. *Cf.* United States v. Kenyon, 519 F.2d 1229 (1975), *cert. denied,* 423 U.S. 935 (1975).