OPINION
 

 By the Court,
 

 Becker, J.:
 

 On January 28, 1997, the district court convicted appellant Robert Raymond Breault, pursuant to a guilty plea, of one count each of mayhem and assault with a deadly weapon. For the mayhem conviction, the district court sentenced appellant to serve a maximum term of 70 months with a minimum parole eligibility of 42 months. For the assault with a deadly weapon conviction, the district court sentenced appellant to serve a maximum term of 20 months with a minimum parole eligibility of 12 months. The district court ordered the sentences to be served consecutively. Appellant was given credit for 353 days of time served.
 

 On September 17, 1997, appellant filed a proper person motion to correct an illegal sentence in the district court. In his motion, appellant contended that his sentences were illegal because the minimum sentence exceeded forty percent of the maximum sentence for each offense in violation of NRS 193.130. Appellant requested the district court to modify his sentences to a maximum term of 70 months with a minimum parole eligibility of 28 months for mayhem, and a maximum term of 20 months with minimum parole eligibility of 8 months for assault with a deadly weapon. The State opposed the motion. The district court entered a written order summarily denying appellant’s motion, and this appeal followed.
 

 We conclude that the district court properly denied appellant’s motion. NRS 193.130(1) provides in relevant part:
 

 
 *313
 
 [A] person convicted of a felony shall be sentenced to a minimum term and a maximum term of imprisonment which must be within the limits prescribed by the applicable statute, unless the statute in force at the time of commission of the felony prescribed a different penalty. The minimum term of imprisonment that may be imposed must not exceed 40 percent of the maximum term imposed.
 

 For the offense of mayhem, the statutory sentencing range is a minimum term of not less than 24 months and a maximum term of not more than 120 months. NRS 200.280.
 
 [1]
 
 Here, appellant’s minimum term of 42 months exceeds forty percent of the maximum term of 70 months, and thus does not comply with NRS 193.130(1). For the offense of assault with a deadly weapon, the statutory sentencing range is a minimum term of not less than 12 months and a maximum term of not more than 72 months. NRS 200.471(2)(b). Appellant’s minimum term of 12 months exceeds forty percent of the maximum term of 20 months, and thus does not comply with NRS 193.130(1).
 

 Appellant, however, agreed to the sentences imposed as part of the negotiated plea agreement. The written guilty plea memorandum provided:
 

 The Defendant waives all defects associated with the minimum and maximum terms associated with Count I and Count n. The defendant also understands and agrees that it is the intent of the parties that he serve a mandatory minimum of 54 months in the Nevada State Prison before parole eligibility.
 

 Appellant has not alleged that his plea was involuntary or unknowing. Further, in the State’s opposition filed in the district court, the State contended that “the máximums were reduced as an accommodation for the defendant who was concerned that he might have to pull the top end of a maximum which was greater than the stipulated maximum sentence.” While this statement is somewhat ambiguous, it appears that the parties’ agreement was intended to benefit appellant.
 

 Moreover, the minimum and maximum terms of appellant’s sentences were well within the statutory ranges. The fact that the minimum terms exceeded forty percent of the maximum terms imposed, merely affected appellant’s parole eligibility and not the actual length of his sentences.
 
 See
 
 NRS 213.1099(2) (stating that a person convicted of a felony and sentenced to a term of impris
 
 *314
 
 onment remains subject to the jurisdiction of the parole board from the time he is released on parole until the expiration of the maximum term of imprisonment); NRS 213.120 (stating that a prisoner who is sentenced for a crime committed on or after July 1, 1995, may be paroled when he has served the minimum term of imprisonment; credits earned to reduce his sentence pursuant to NRS chapter 209 may only reduce the maximum term).
 

 We disapprove of sentences which do not comply with the forty-percent provision of NRS 193.130(1), and we will not hesitate to invalidate a sentence which violates this provision. However, when a defendant knowingly and voluntarily agrees to the sentence, and expressly waives the defect impacting only parole eligibility, we will not permit the defendant to manipulate the judicial system by subsequently insisting that the sentence conform to the forty-percent provision. Here, the sentences agreed upon by the parties, and which the court ultimately imposed, were part of a voluntary and knowing plea, and appellant expressly waived any defects associated with the minimum and maximum terms of his sentences. Under these circumstances, we will not interfere with the sentences imposed.
 
 See
 
 United States v. Barnes, 83 F.3d 934, 941 (7th Cir. 1996) (upholding a plea agreement that provided for a sentence which departed from the prescriptions of federal sentencing guidelines); United States ex rel. Ferris v. Finkbeiner, 551 F.2d 185 (7th Cir. 1977) (holding that when the defendant was misadvised when entering his guilty plea that he would not have to serve a mandatory parole term following his release from prison, fundamental fairness required limiting the term of his sentence to that which comported with the plea bargain).
 

 Our holding today is not inconsistent with Miranda v. State, 114 Nev. 385, 956 P.2d 1377 (1998). In
 
 Miranda,
 
 the district court modified Miranda’s sentences which did not comply with NRS 193.130(1) by increasing the maximum terms, even though the court could have reduced the minimum terms to come within the statute. On appeal, this court concluded that the court may correct an illegal sentence by increasing its severity only when there is no other, less severe means of correcting the illegality.
 
 Id.
 
 at 387, 956 P.2d at 1378. In
 
 Miranda,
 
 however, there was no indication that Miranda agreed to the sentences originally imposed by the district court, or that Miranda agreed to waive any defects associated with the minimum and maximum terms as part of the plea agreement. Thus,
 
 Miranda
 
 is distinguishable from the instant case.
 

 Accordingly, we conclude that the district court properly denied
 
 *315
 
 appellant’s motion to correct an illegal sentence, and we affirm the order of the district court.
 
 [2]
 

 Maupin and Shearing, JJ., concur.
 

 [1]
 

 Although the applicable statutes set forth the sentencing ranges in terms of years, we refer to the sentencing ranges in terms of months for purposes of clarity.
 
 See
 
 NRS 200.280 and NRS 200.471.
 

 [2]
 

 Although appellant has not been granted permission to file documents in this matter in proper person,
 
 see
 
 NRAP 46(b), we have received and considered appellant’s proper person documents. We conclude that the relief requested is not warranted.