An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER UCEDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66396

**FILED**

DEC 1 8 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an amended judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, two counts of robbery with the use of a deadly weapon, discharging a firearm out of a motor vehicle, discharging a firearm at or into a structure, vehicle, aircraft, or watercraft, and failure to stop on signal of a police officer. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Alexander Uceda argues that the district court violated the Double Jeopardy Clause by increasing his sentences on the robbery counts (counts 2 and 3) after those counts were affirmed on direct appeal.

According to the original judgment of conviction, the district court adjudicated Uceda as a habitual felon and sentenced him to 5 to 20 years in prison on each count of robbery (counts 2 and 3) and to life without the possibility of parole for discharging a firearm out of a motor vehicle (count 4). On direct appeal, we vacated the sentence on count 4 and remanded for resentencing on that count because discharging a firearm out of a motor vehicle was not one of the listed felonies in NRS 207.012(2), and thus a sentence of life without parole under the habitual felon statute for this count was unlawful. *Uceda v. State*, Docket No.

15-38762

61657 (Order Affirming in Part, Reversing in Part and Remanding, May 13, 2014). On remand, the district court resentenced Uceda to 5 to 20 years in prison on the discharging-a-firearm count (count 4) and also increased the sentences on the robbery counts (counts 2 and 3) to life without the possibility of parole.

While Nevada's double-jeopardy protections prohibit a district court from increasing a lawful sentence on a count after this court has vacated an unlawful sentence on another count, *see Wilson v. State*, 123 Nev. 587, 594, 170 P.3d 975, 979 (2007), they do not preclude a district court from correcting an illegal sentence by "increasing its severity . . . when necessary to bring the sentence into compliance with the pertinent statute," *Miranda v. State*, 114 Nev. 385, 387, 956 P.2d 1377, 1378 (1998).

Here, the original judgment of conviction reflects that Uceda was adjudicated and sentenced as a habitual felon under NRS 207.012 for the two counts of robbery with the use of a deadly weapon. NRS 207.012 sets forth three possible sentences, the lowest of which is 10 to 25 years in prison, and mandates the imposition of one of these habitual felon sentences once two qualifying felonies are proven. Therefore, the district court had no discretion to impose a sentence of less than 10 to 25 years in prison on the robbery counts after it found that the State had proven two qualifying felonies, and the sentences of 5 to 20 years on the robbery counts were illegal under NRS 207.012. As such, the sentences could be corrected on remand without violating double jeopardy, as long as the correction did not increase the sentences more than necessary to bring the sentences into compliance with NRS 207.012. *See Miranda*, 114 Nev. at 387, 956 P.2d at 1378. However, because the district court could have corrected the robbery sentences by imposing terms of 10 to 25 years in

prison under the habitual felon statute, rather than the more severe terms of life without the possibility of parole, the sentencing correction violated double jeopardy. Therefore, we reverse the sentences imposed by the district court on the robbery counts (counts 2 and 3) and remand this case for resentencing. We instruct the district court to correct the illegal sentences on counts 2 and 3 by imposing terms of 10 to 25 years in prison on each of those counts. Accordingly, we

ORDER the amended judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Douglas Smith, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk