# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL RAY MAXWELL, JR.,
Appellant,
vs.
D. W. NEVEN, WARDEN, HIGH
DESERT STATE PRISON; AND THE
STATE OF NEVADA,
Respondents.

No. 75813



FILED

MAR 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant Michael Ray Maxwell argues that the district court erred in denying his claim that counsel induced him to plead guilty to an illegal sentencing enhancement. Relying on *Moore v. State*, 117 Nev. 659, 660-63, 27 P.3d 447, 449-50 (2001), he asserts that solicitation, like conspiracy, cannot be enhanced with a deadly weapon enhancement.[1] We conclude that Maxwell failed to demonstrate that counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996); *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Maxwell has not cited any binding authority upon which

---

[1]Maxwell asserts that *Hidalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330, 184 P.3d 369 (2008), also supports his argument. We disagree. In *Hidalgo*, this court concluded that solicitation of a violent crime is not "[a] felony involving the use or threat of violence to the person of another" as described in NRS 200.033(2)(b). The decision did not address whether a deadly weapon can be used during solicitation.

 
19-11452

trial counsel could have relied to advise him that solicitation to commit murder could not be enhanced under NRS 193.165. He suggests that counsel should have advised him that solicitation to commit murder could not be enhanced under NRS 193.165 based on an extension of the reasoning in *Moore*. As the district court explained, there are sound arguments against extending *Moore* to solicitation. Notably, the solicitation statute prohibits the commanding of someone to commit an unlawful act, which could feasibly be achieved with the use of a deadly weapon. NRS 199.500(1), (2). Given the state of the law at the time and tenuous nature of an argument based on *Moore*, it would not have been objectively unreasonable for counsel not to advise Maxwell that an enhancement of the solicitation conviction under NRS 193.165 would be infirm or illegal. *See Allen v. United States*, 829 F.3d 965, 968 (8th Cir. 2016) ("[T]he failure of counsel to argue for an extension of the law or a novel interpretation of circuit precedent is not constitutionally deficient performance."). Therefore, the district court did not err in concluding that counsel did not perform deficiently.

We further conclude that Maxwell failed to demonstrate prejudice—a reasonable probability that he would have rejected the plea agreement and instead gone to trial. Even assuming the legal premise of Maxwell's ineffective-assistance claim is correct, that solicitation to commit murder cannot be enhanced under NRS 193.165, Maxwell could still agree to the enhancement as part of the plea agreement. *See Breault v. State*, 116 Nev. 311, 314, 996 P.2d 888, 889 (2000) (holding that defendant who knowingly and voluntarily agrees to an infirm sentence pursuant to plea negotiations, waives such infirmity pursuant to the negotiations and may not later claim the sentence was infirm). And he has not demonstrated a

reasonable probability that he would not have done so. First, he has asked to be resentenced on the solicitation offense, not to be allowed to withdraw his guilty plea and go to trial on the original charges. Second, he received a significant benefit from the negotiated plea agreement in comparison to the risk of going to trial. In particular, as part of the plea agreement, the State dropped a number of additional serious charges: murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, accessory to murder with the use of a deadly weapon, and accessory to attempted murder with the use of a deadly weapon. Maxwell did not demonstrate that he would have forgone the benefits of the plea agreement and risked going to trial on the original, more serious charges just to avoid a single enhancement sentence included in the plea agreement. Therefore, the district court did not err in denying this claim.

Maxwell also asserted that the district court erred in denying claims of ineffective assistance of counsel at sentencing and on appeal. To demonstrate ineffective assistance of counsel in those contexts, he must show that counsel's performance was deficient and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland*, 466 U.S. at 687-88; *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey*, 112 Nev. at 998, 923 P.2d at 1114 (applying *Strickland* to claims of ineffective assistance of appellate counsel).

First, Maxwell argues that counsel should have objected to the deadly weapon enhancement at sentencing and challenged it on appeal. As Maxwell agreed to the enhancement when he pleaded guilty, Maxwell failed to demonstrate that counsel performed deficiently at sentencing or on

appeal or that either challenge would have had a reasonable likelihood of success at the sentencing hearing or on appeal.[2]

Second, Maxwell argues that counsel should have asserted that the State violated the plea agreement. We disagree. The State's arguments during sentencing did not violate its obligations under the plea agreement. Therefore, counsel were not deficient for declining to assert that the State breached the agreement and Maxwell failed to demonstrate any objection or argument on appeal would have been successful.

Third, Maxwell argues that trial and appellate counsel should have challenged the district court's failure to justify the enhancement sentence based on the factors set forth in NRS 193.165. Before imposing a sentence for a deadly weapon enhancement, the sentencing court must consider the factors enumerated in NRS 193.165. *Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009). The district court did address the circumstances of the crime and Maxwell's motivation to commit it. *See* NRS 193.165(1)(a), (e). While the court did not address the other enumerated factors, the record indicates that it exercised its discretion in accordance with the statute. *See Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000) (noting that "this court has never required the district courts to utter 'talismanic' phrases" and instead "looks to the record as a whole to determine whether the sentencing court actually exercised its discretion"). The failure to explain the ruling more completely does not render it constitutionally defective. *See, e.g., Arizona v. Washington*, 434

---

[2]Maxwell also argues that the enhancement was not included in the plea agreement, however, the record demonstrates that the State filed an errata to the plea agreement discussing the enhancement and it was addressed during the plea canvass.

U.S. 497, 516-17 (1978). Therefore, Maxwell failed to demonstrate that counsel were deficient for failing to challenge his sentence on this basis or that the challenge would have been successful.

Fourth, Maxwell asserts that counsel should have objected to the district court's decision to consider victim impact evidence introduced in a prior proceeding. We conclude that Maxwell failed to demonstrate deficient performance or prejudice. The district court stated that its familiarity with the facts stemmed from the hearings conducted in this case. Moreover, the district court based its sentencing decision on the circumstances of the crime and Maxwell's motives, not the victim impact evidence.

Lastly, Maxwell argues that the cumulative effect of counsel's errors warrants relief. As we have found no error related to trial and appellate counsel, there is nothing to cumulate.

Having considered Maxwell's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                                    Silver

cc:     Hon. Robert W. Lane, District Judge
        Resch Law, PLLC d/b/a Conviction Solutions
        Attorney General/Carson City
        Nye County District Attorney
        Nye County Clerk